PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Lewis Tate*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOCAL 210 PENSION FUND,

        Plaintiff,

    - against -

LEWIS TATE,

        Defendant.

---



JUDGE PRESKA

**NOTICE OF REMOVAL**

Civil Action No.

07 CIV 8140

Defendant, Lewis Tate ("Tate") by his attorneys, Pitta & Dreier LLP, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Tate submits this notice of removal pursuant to 28 U.S.C. §§ 1331, 1441 (b) and 1446 to remove the above-referenced civil action to this Court from the Supreme Court of New York, County of New York, on the ground that the action is founded on a claimed right arising under federal law as to which federal law completely preempts state law.

{00289589.DOC;}

## **STATEMENT OF GROUNDS FOR REMOVAL**

2.  This Court has original jurisdiction of this action pursuant to sections 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1132(a), (e) and (f).

3.  Pursuant to 28 U.S.C. § 1446(b), this notice of removal is timely as it is filed within 30 days after the receipt by Tate of a copy of the Summons and Complaint on or about September 10, 2007. A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

4.  Venue is proper in this district court pursuant to 28 U.S.C. § 1446(a) as this action is pending in the County of New York which is within the Southern District of New York.

5.  Plaintiff is Local 210 Pension Fund ("Fund"). The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). Complaint ¶ 2).

6.  The Fund maintains an "employee benefit plan" ("the plan") as defined in Section 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. Section 1002(2), (3), and 1132(d)(1). The Fund's plan provides, inter alia, pension benefits to workers of employers who have agreed, pursuant to collective bargaining agreements with Teamsters Local 210, to contribute to the Fund. (Complaint ¶ 2).

7.  The Complaint alleges that Tate applied for a retirement pension from the Fund on or about December 17, 2003. (Complaint ¶ 8). The Complaint alleges that an

audit report issued on or about April 16, 2007 advised the Fund that the records of Tate's employer, Crown Products, Inc. ("Crown"), showed that Tate continued to be employed by Crown after his retirement. (Complaint ¶ 14). The Complaint alleges that, under state common law and the terms of the plan, the Fund is entitled to repayment by Tate of the pension benefits he received, along with liquidated damages, attorney fees, costs and disbursements. (Complaint ¶¶ 25, 34).

8. Any claims that the Fund has against Tate arise under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which provides that a participant, beneficiary, or fiduciary of an employee welfare benefit plan covered by ERISA may bring a civil action to obtain other appropriate equitable relief to redress violations of an employee benefit plan or to enforce the terms of a plan. 29 U.S.C. § 1132(a)(3).

9. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3), completely preempts state common law by the Fund for relief to redress violations of employee benefit plans or to enforce the terms of employee benefit plans. Cicio v. Does, 321 F.3d 83 (2nd Cir. 2003).

10. Because Section 502(a)(3) of ERISA completely preempts state common law claims, such claims are necessarily federal in character. Therefore, the Fund's complaint arises under federal law within the meaning of 28 U.S.C. § 1331 and 1441(b). Cicio v. Does, 321 F.3d 83 (2nd Cir. 2003).

WHEREFORE, removal of Fund's Complaint to this Court is proper pursuant to 28 U.S.C. § 1331 and 1441(b).

Dated: September 17, 2007
      New York, New York

Respectfully submitted,

PITTA & DREIER LLP
*Attorneys for Defendant Lewis Tate*

By: /s/ Jane Lauer Barker
Jane Lauer Barker (JB 5436)
499 Park Avenue
New York, New York 10022
(212) 652-3890

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------X

LOCAL 210 PENSION FUND

                      Plaintiff,

-against-

Lewis Tate

                      Defendant.

-------------------------------------------------X

**SUMMONS**

Index No.: 111837/07

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be take against you by default for the relief demanded in the complaint.

    The basis of the venue designated is residence of Plaintiff, Local 210 Pension Fund which is 110 wall Street, New York, New York

Dated: New York, New York
       August 28, 2007

                                             Raab, Sturm & Goldman, LLP

                                             By: _____
                                             Ira A. Sturm
                                             Attorneys for Plaintiff
                                             317 Madison Avenue, Suite 2010
                                             New York, New York 10017
                                             Tel. 212-683-6699
                                             Fax 212-779-8596

NEW YORK
COUNTY CLERK'S OFFICE

AUG 30 2007

NOT COMPARED
WITH COPY FILED

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
LOCAL 210 PENSION FUND,

                Plaintiff,

  -against-                                 **COMPLAINT**

LEWIS TATE,

                Defendant,
-----------------------------------------------------------X

Local 210 Pension Fund ("Fund"), by its attorneys Raab, Sturm & Goldman, LLP., complains of Lewis Tate ("Defendant"), as follows:

### NATURE OF ACTION

1. This is an action for common law fraud brought by the Fund against Defendant, based upon Defendant's false statements to the Fund resulting in the improper payment by the Fund to Defendant of a Lump Sum pension in the amount $ 71,064.00.

### PARTIES

2. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302 (c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2),3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), AND 1132(d)(1)), and a multi-employer plan within the meaning of Sections 3 (37) and 515 of ERISA (29 U.S.C.§§ 1002(37) AND 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with International Brotherhood of teamsters, Local 210, ("Union"), to invest and

NEW YORK
COUNTY CLERK'S OFFICE
AUG 30 2007
NOT COMPARED
WITH COPY FILED

maintain those monies, and to distribute pension benefits, to those employees eligible to receive them. The Fund maintains its offices and is administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

3. International Brotherhood of Teamsters, Local 210 ("Union") is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 110 Wall Street, New York, New York, in the City, County, and State of New York.

4. Upon information and belief, at all times material herein Crown Products, Inc. ("Crown") was and continues to be a for-profit domestic corporation doing business in the City of Yonkers, State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Crown is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Crown became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, pursuant to the Agreement with Union, for the purposes of funding pension benefits for Crown's union represented employees.

5. At all times material herein Defendant, an individual, resided at, and continues to reside at, 111-05 153rd Street, Jamaica, County of Queens, City and State of New York.

## BACKGROUND

6. At all times material herein Crown was required to make periodic contributions to the Fund, on behalf of all of Crown's employees employed by Crown who were represented by the

Union for the purpose of funding pension benefits pursuant to the terms of the Local 210 Pension Plan.

7. At various times up to and through December 2003, Crown made periodic contributions to the Fund to provide pension benefits to its employee, including Defendant.

## FACTS

8. On or about December 17, 2003, Defendant applied for a retirement pension from the Fund.

9. As part of the application, Defendant stated: "I hereby apply for retirement from work as an employee and make application for a retirement pension." Moreover, as part of the application process Defendant acknowledged in writing that he was a retiree who otherwise qualified for a pension from the Fund.

10. Pursuant to the terms of the Plan, Defendant had various options in how to take his pension, including taking the benefit in monthly installments or in a lump sum payment ("Lump Sum").

11. Regardless of the manner in which the pension benefit was or is to be paid to a beneficiary, a condition precedent to receipt of a pension benefit under the Plan, was and is that the beneficiary be retired from the employ of a contributing employer, in this case, Crown.

12. Since December 2003 Crown ceased reporting Defendant as an employee and until recently the Fund believed, as per Defendant's written acknowledgments, that Defendant was retired from his position at Crown and was no longer employed by a contributing employer.

13. In the ordinary course of events, the Fund audited the books and records of Crown to verify that Crown was paying contributions to the Fund and other multi-employer funds, pursuant to Crown's obligation under the afore-described collective bargaining agreement.

14. The auditor issued a report on or about April 16, 2007, advising the Fund that Crown's records showed <u>inter alia</u>, that Defendant had not retired and that Defendant continued to be employed by Crown continuously since January 2004 through December 31, 2006 (the end of the audit).

15. Upon information and belief, Defendant continues to be employed by Crown.

### AS AND FOR A FIRST CAUSE OF ACTION FOR COMMON LAW FRAUD

16. Defendant repeats and realleges each and every allegation set forth in paragraphs 1 through 16 as if fully set forth hereat.

17. Plaintiff, relying upon Defendant's written acknowledgments that he retired from his employment from Crown, as summarized above in paragraphs 8 and 9, on or about February 12, 2004 transmitted the sum of $71,604.00 to Defendant's bank or defined benefit fund, Quick and Reilly, 70-37 Austin Street, Forest Hills, New York.

18. Upon in information and belief, at the time that Defendant applied for his pension he had no intention of retiring from his position at Crown.

19. Upon information and belief, at the time that the Fund transmitted the Lump Sum pension benefit, as described above in paragraph 17, Defendant was still employed by Crown and had not retired.

20. Based upon the representations made by Defendant to the Fund as summarized above in paragraphs 8 and 9 and Defendant's continued employment with Crown as summarized above in paragraph 19, Defendant fraudulently induced the Fund to pay Defendant a Lump Sum pension benefit, notwithstanding the fact that Defendant, by not retiring, was not entitled to said Lump Sum pension.

21. At the time Defendant applied for the Lump Sum pension and at the time of his receipt of payment of same, Defendant did not retire and he did not qualify for a pension.

22. But for Defendant's misrepresentations and false statements to the Fund, as summarized above in paragraphs 8 and 9, the Fund would not have paid the Lump Sum pension to Defendant.

23. After learning of the improper payment, by letter dated July 9, 2007, the Fund demanded that Defendant return the Lump Sum pension payment of $71,064.00 to the Fund.

24. Notwithstanding the Fund's demand for repayment, to date, Defendant refused and he continues to refuse to return the sum of $71,064.00 to the Fund.

25. Based upon Defendant's fraudulent conduct the Fund has been injured in the amount of $71,064.00 is entitled to judgment against Defendant in the amount of $71,064.00 plus interest liquidated damages, attorneys fees, and costs and disbursements.

### AS AND FOR A SECOND CAUSE OF ACTION

26. The Fund repeats and realleges each and every allegation set forth in paragraphs 1 through 25 of the Complaint as if fully set forth hereat.

27. Defendant's entitlement to a pension is governed by the terms of Local 210's Pension Plan ("Plan")

28. Article IV of the Plan addresses eligibility for benefits. Entitlement to any pension benefit requires that the beneficiary "retires from Covered Employment". At all times material herein Crown was, and it continues to be, a Contributing Employer within the meaning of the Plan.

29. In order to qualify for any pension, the beneficiary must be a retiree. Section 702(c) addresses Lump Sum payments as being available only to "a participant who has retired..." and who otherwise meets the criteria for the benefit.

30. Article IX, Section 9.04 and Article XIV, Section 14.01 of the Plan vest the Trustees as the sole judges as to the interpretation of the Plan. The Trustees have determined that in applying for and receiving the Lump Sum benefit, Defendant made a false statement of a material fact, to wit, that he was retiring from his employment with Crown.

31. Article X, Section 10.14 of the Plan prohibits an individual who has received a pension benefit from continued employment which is within the jurisdiction of the Union. Crown, being party to a collective bargaining agreement with the Union, clearly falls within the prohibition.

32. As a pensioner, Defendant was obligated under Section 10.13(a) of the Plan to notify the Fund of his earnings under Covered Employment with Crown.

33. Notwithstanding the obligations owed under Section 10.13(a) of the Plan, Defendant never notified the Fund of his employment with Crown since January 2004.

34. Based upon the above, Defendant is in violation of his obligations under the Plan and is required to return to the Fund the Lump Sum benefit payment of $71,064.00, plus interest, liquidated damages, attorneys fees and costs and disbursements.

WHEREFORE, Local 210 Pension Fund demands judgment against Lewis Tate for $71,064, plus accrued interest, liquidated damages, attorneys fees, costs and disbursements and such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 28, 2007

*Raab, Sturm & Goldman, LLP*

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
330 Madison Avenue - Suite 2010
New York, New York 10017
Tel. 212- 683-6699
Fax 212- 779-8596