PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Lewis Tate*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCAL 210 PENSION FUND,<br><br>       Plaintiff,<br><br>          - against -<br><br>LEWIS TATE,<br><br>       Defendant. | **ANSWER AND COUNTERCLAIMS**<br><br>07 CIV 8140 (LAP) |

Defendant, Lewis Tate ("Tate") by his attorneys, Pitta & Dreier LLP, as and for his Answer to the Complaint herein, avers as follows:

1.      Neither admits nor denies the allegations contained in paragraph "1" of the Complaint as they constitute an attempt to state conclusions of law to which no response is required.

2.      Admits the allegations contained in paragraph "2" of the Complaint.

3.      Admits the allegations contained in paragraph "3" of the Complaint.

4.      Admits the allegations contained in paragraph "4" of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding whether Crown Products, Inc. ("Crown") is a party to a collective bargaining agreement and, if so, the terms and conditions thereof.

{00292413.DOC;}

5.      Admits the allegations contained in paragraph "5" of the Complaint.

6.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "6" of the Complaint.

7.      Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the Complaint.

8.      Admits the allegations contained in paragraph "8" of the Complaint.

9.      Denies the allegations contained in paragraph "9" of the Complaint, and refers the Court to the document referenced therein for its true and accurate terms.

10.     Admits the allegations contained in paragraph "10" of the Complaint.

11.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the Complaint.

12.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "12" of the Complaint.

13.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the Complaint.

14.     Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the Complaint.

15.     Denies the allegations contained in paragraph "15" of the Complaint, except admits that sometime in or about January, 2004, Tate became re-employed by Crown and is currently employed by Crown.

16.     Repeats and realleges the answers to each and every allegation contained in paragraphs "1" through "15" as though fully set forth herein.

17.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the Complaint, except admits that on or about February 14, 2004, plaintiff transmitted the sum of $71,604.00 constituting Tate's pension benefit to Quick & Reilly, 70-37 Austin Street, Forest Hills, NY 11375.

18.    Denies the allegations contained in paragraph "18" of the Complaint.

19.    Denies the allegations contained in paragraph "19" of the Complaint, except admits that sometime in or about January, 2004, Tate became re-employed by Crown.

20.    Denies the allegations contained in paragraph "20" of the Complaint.

21.    Denies the allegations contained in paragraph "21" of the Complaint.

22.    Denies the allegations contained in paragraph "22" of the Complaint.

23.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "23" of the Complaint, except admits that, by letter dated July 9, 2007, plaintiff demanded that Tate return his lump sum pension benefit to plaintiff plus any return on investment.

24.    Admits the allegations contained in paragraph "24" of the Complaint.

25.    Denies the allegations contained in paragraph "25" of the Complaint.

26.    Repeats and realleges the answers to each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein..

27.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "27" of the Complaint, except

admits that the Plan is governed by a summary plan description and other related documents.

28.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "28" of the Complaint.

29.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "29" of the Complaint.

30.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "30" of the Complaint.

31.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31" of the Complaint.

32.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "32" of the Complaint.

33.    Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "33" of the Complaint.

34.    Denies the allegations contained in paragraph "34" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

35.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

36.    The Complaint is barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

37.    The Complaint is barred, in whole or in part, by laches.

## FOURTH AFFIRMATIVE DEFENSE

38.     The Complaint is barred, in whole or in part, by waiver, estoppel, and/or ratification.

## COUNTERCLAIMS

Counterclaim-plaintiff Lewis Tate ("Tate"), as and for his Counterclaims against Counterclaim-defendant Local 210 Pension Fund ("Fund"), alleges as follows:

### JURISDICTION AND VENUE

39.     Tate's Counterclaims are brought pursuant to Section 502(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a), (e), (f), and (g).

40.     Venue is proper with respect to the Counterclaims pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

### AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Fiduciary Duty)

41.     Tate repeats and realleges each and every averment in paragraphs "1" through "40" hereof as if fully set forth herein.

42.     Under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), a civil action may be brought by a participant "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

43.     The Fund is administered by a Board of Trustees, comprised of three Union-appointed trustees and three Employer-appointed trustees.  The trustees are

"fiduciaries" within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. §
1002(21)(A).

44.    The Fund's summary plan description and other governing documents do
not require or provide that a participant who applies for and receives a lump sum pension
benefit is required to return the benefit to the Fund plus any return on investment in the
event the participant returns to covered employment after receipt of the benefit.

45.    The Fund's summary plan description and other governing documents do
not authorize or permit the trustees to require a participant who applies for and receives a
lump sum pension benefit to return the benefit to the Fund plus any return on investment
in the event the participant commences or continues working in covered employment
after receipt of the benefit.

46.    Tate was not informed by the Fund in advance of or at the time of his
application for a pension benefit of any alleged policy of the Fund requiring that, if Tate
commenced or continued working in covered employment after receiving his lump sum
pension benefit, he would be required to return his lump sum pension benefit to the Fund
plus any return on investment.

47.    The failure of the Fund to provide in writing or to inform Tate in any other
manner in advance of or at the time of his application for a pension benefit of the alleged
policy of the Fund requiring him to return his lump sum benefit to the Fund plus any
return on investment if he commenced or continued working in covered employment
constitutes a breach of the trustees' fiduciary duties.

48.    Based upon the foregoing, the trustees breached their fiduciary duties
under ERISA and Tate is entitled to an injunction and other appropriate equitable relief,

including restitution for any losses Tate has incurred and will continue to incur due to the trustees' breach.

## AS AND FOR A SECOND COUNTERCLAIM
### (Violation of Plan)

49.    Tate repeats and realleges each and every averment in paragraphs "1" through "48" hereof as if fully set forth herein.

50.    Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant to "enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

51.    On or about July 9, 2007, the Fund, in violation of its governing documents, demanded that Tate return his pension benefit to the Fund plus any return on investment.

52.    Based upon the foregoing, the Fund has violated the terms of the pension plan, causing injury to Tate.

53.    Based upon the foregoing, Tate is entitled to an injunction and other appropriate equitable relief, including restitution for any losses Tate has incurred and will continue to incur due to the Fund's violation of Tate's rights under the pension plan.

## AS AND FOR A THIRD COUNTERCLAIM
### (Alternatively, Declaration of Rights Under Plan)

54.    Tate repeats and realleges each and every averment in paragraphs "1" through "53" hereof as if fully set forth herein.

55.    In the alternative, based upon the foregoing, if it is finally determined that Tate is required to return his lump sum pension benefit to the Fund, he is entitled to

credited service under the terms of the pension plan for all work performed for Crown with no break in service.

56.     In the alternative, based upon the foregoing, Tate is entitled to a determination and/or clarification that his credited service includes all of the work performed for Crown with no break in service.

WHEREFORE, Tate demands judgment as follows:

1.     Dismissing the Complaint in its entirety;

2.     On the First and Second Counterclaims, enjoining the Fund from breaching the Trustees' fiduciary duties and awarding other appropriate equitable relief, including restitution in an amount to be determined at trial, plus prejudgment interest;

3.     In the alternative, on the Third Counterclaim, declaring and enjoining the Fund to give Tate credited service for all work performed for Crown with no break in service;

4.     Awarding Tate his attorney's fees, costs and expenses in this action; and

4.     Granting Tate such other and further relief as the Court deems just and equitable.

Dated: September 28, 2007
       New York, New York

                                    PITTA & DREIER LLP
                                    *Attorneys for Defendant Lewis Tate*

                                    By: _Jane Lauer Barker_
                                        Jane Lauer Barker (JB 5436)
                                    499 Park Avenue
                                    New York, New York  10022
                                    (212) 652-3890
                                    jbarker@pittadreier.com

PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
JANE LAUER BARKER (JB 5436)
*Attorneys for Defendant Lewis Tate*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL 210 PENSION FUND,

                Plaintiff,

                - against -

LEWIS TATE,

                Defendant.

**AFFIDAVIT OF SERVICE**

Civil Action No.  07 CIV 8140 (LAP)

STATE OF NEW YORK    )
                           s.s.
COUNTY OF NEW YORK    )

      Michelle Williams, being duly sworn, deposes and says:

      That deponent is not a party to this action, is over eighteen years of age and resides in North Brunswick, New Jersey.

      That on the **28th day of September, 2007** deponent served by regular mail the within **ANSWER AND COUNTERCLAIMS** thereof upon:

          **Ira A. Sturm, Esq.**
          **Raab, Sturm & Goldman, LLP**
          **317 Madison Avenue, Suite 1708**
          **New York, New York  10017**

                                Michelle Williams

Sworn to before me this
28th day of September, 2007

Notary Public

Jane L. Barker
Notary Public, State of New York
No. 02BA6144861
Qualified in Westchester County
Commission Expires May 1, 2010

{00289251.DOC;2}